**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANGEL ALVARADO : | |
| 314 North Fountain Street : | |
| Allentown, PA 18102 : | |
|     Plaintiff : | |
| v. : | |
| : | |
| CITY OF ALLENTOWN : | Civil Action No.:_____ |
| 435 Hamilton Street : | |
| Allentown, PA 18101 : | |
| : | |
|   and : | |
| : | |
| POLICE OFFICER DAVID HOWELLS : | JURY TRIAL DEMANDED |
| (Badge No.: H2033) *individually and in* : | |
| *his official capacity as a Police Officer* : | |
| *of the City of Allentown* : | |
| 435 Hamilton Street : | |
| Allentown, PA 18101 : | |
| : | |
|   and : | |
| : | |
| POLICE OFFICER APRIL KUMMERER : | |
| (Badge No.: K2192) *individually and in* : | |
| *her official capacity as a Police Officer* : | |
| *of the City of Allentown* : | |
| 435 Hamilton Street : | |
| Allentown, PA 18101 : | |
| : | |
|     Defendants : | |

**CIVIL ACTION – COMPLAINT**

Plaintiff, ANGEL ALVARADO, brings this action against Defendants, CITY OF ALLENTOWN, POLICE OFFICER DAVID HOWELLS, individually and in his official capacity as a Police Officer, and POLICE OFFICER APRIL KUMMERER, individually and in her capacity as a Police Officer, and avers as follows:

## PARTIES

1.     Plaintiff, ANGEL ALVARADO, is an adult individual and resident of the Commonwealth of Pennsylvania.

2.     Defendant, CITY OF ALLENTOWN, is a municipality of the Commonwealth of Pennsylvania which owns, operates, manages, directs and controls the Allentown Police Department and is the public employer of the individual Defendants.

3.     Individual Defendant, POLICE OFFICER DAVID HOWELLS, Badge No.: H2033, was at all times relevant to this action an Allentown Police Officer.

4.     Individual Defendant, POLICE OFFICER APRIL KUMMERER, Badge No.: K2192, was at all times relevant to this action an Allentown Police Officer.

## JURISDICTION AND VENUE

5.     This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because Plaintiff's claims arise under federal law, the United States Constitution and 42 U.S.C. § 1983.

6.     Venue is proper in this District under 28 U.S.C. §1391(b) and 29 U.S.C. §1132(e) because the unlawful practices alleged below occurred in this District and because both parties are found in this District.

## FACTUAL ALLEGATIONS

7.     Plaintiff is 46 years old and is originally from El Salvador, having moved to this country in 1988.

8.     At the time of the incident described below, Plaintiff resided at 339 North 9th Street, in Allentown, PA with his wife, Maria Alverado, ("Mrs. Alverado") daughters Maritza Orellana, (age 21) Maria Orellana (age 18), Jessica Alvarado (age 14), Heidi Alvarado (age 11) and sons

2

Angel Alvarado (age 11), and Milber Alvarado (age 8).

9. On May 31, 2008, Plaintiff and Mrs. Alvarado hosted an eighteenth birthday party for his daughter, Maria, at the family's second floor apartment located at 339 North 9th Street in Allentown.

10. There were approximately 30 people at the party, all of whom were either Plaintiff's friends or family.

11. At approximately 11:40 P.M., while in uniform, Defendant Police Officer David Howells ("Defendant Howells") and Defendant Police Officer April Kummerer ("Defendant Kummerer") entered the family's second floor apartment and informed the occupants that they were responding to a noise complaint.

12. Defendants Howells and Kummerer requested the music be turned down, which was done, and then left the apartment and the building.

13. At the time that Defendants Howell and Kummerer first entered the apartment, Plaintiff and his wife were at a local Walmart store buying sodas for the party but were informed by their daughter Maria, who called her parents to inform them of the Defendants' visit.

14. After Mr. Alvarado and his wife returned from Walmart, at approximately 1:00 A.M., Defendants Howells and Kummerer again entered the family apartment and again requested that the music be turned off. The Defendants also ordered that anyone who did not reside in the apartment go home.

15. Plaintiff's niece, Fatima Orellana (age 14), in an act of adolescent defiance to the Defendants' order, sat down on a chair. Defendant Kummerer told Fatima to stand up because she was going to be placed under arrest. Fatima did so and was handcuffed and escorted out of the apartment into the hall, during which Defendant Kummerer slammed the girl against the wall

and with the assistance of her partner, Defendant Howells, dragged her down the stairs and into the street. Plaintiff, Mrs. Alvarado, Fatima's mother and some number of their visitors followed the Defendants and Fatima into the street.

16. Once on the street, Maria and her sister Jessica implored that the officers not arrest their cousin Fatima. According to eyewitnesses, by this time backup police officers had arrived on the scene. One police officer pushed Jessica away from Fatima and Defendants Kummerer and Howell, at which point Plaintiff told the officer not to touch his daughter.

17. Without cause, justification or reason, Defendant Howell, apparently in response to Plaintiff's statement, struck Plaintiff on the side of his face with clenched fist, causing Plaintiff to fall to the street and rendering him unconscious.

18. Several unidentified officers, along with Defendants Howell and Kummerer, kicked Plaintiff about his entire body for a period of approximately five minutes in full view of Plaintiff's family and friends.

19. Without cause, justification or reason, Plaintiff was taken into custody and charged with Simple Assault, Harassment, Resisting Arrest and Furnishing Alcohol to a Minor under complaint number 08-42591, later prosecuted by the Lehigh County District Attorney under Criminal Docket Number CP-39-2455-2008.

20. At no time did Plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania, the United States or the City of Allentown for which an arrest or detention may be lawfully made. At no time did Plaintiff pose a threat to the police or to the safety of any other person. At no time did Plaintiff commit any illegal act or engage in any conduct which justified Defendants' actions.

21. As a direct and proximate result of the actions of all Defendants, Plaintiff has been

caused to suffer and continues to suffer severe physical and mental trauma and injuries, pain and suffering, emotional distress and psychological harm.

## COUNT ONE

## USE OF EXCESSIVE FORCE - 42 U.S.C. § 1983

22. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

23. As a direct and proximate result of Defendants' conduct, committed under color of state law, Defendants deprived Plaintiff of his right to be secure in his person and property, to due process of law, to be free from unlawful arrest, detention, search and seizure, rights which are secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and guaranteed by 42 U.S.C. § 1983.

24. As a direct and proximate cause of the acts and omissions of all Defendants, Plaintiff has sustained and suffered and continues to suffer severe physical injury, pain and suffering, emotional distress and psychological harm.

25. The actions and conduct of Defendants Howells and Kummerer, who arrested, charged and confined Plaintiff were caused and implemented by the Defendant City of Allentown's ("Defendant City") failure to properly train, supervise and/or discipline these police officers and other police officers with respect to the constitutional limitations on their police powers.

26. In adopting the policies and practices which led Defendants Howells and Kummerer to arrest, search, and confine Plaintiff, Defendant City violated rights secured to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and guaranteed by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant for damages in the form of economic damage; emotional distress; mental anguish; pain and suffering; inconvenience; humiliation; loss of the enjoyment of life; reasonable attorney's fees and costs; and all such other relief as this Court deems just, equitable and proper.

## COUNT TWO

### UNLAWFUL DETENTION - 42 U.S.C. § 1983

27. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

28. As a direct and proximate result of Defendants' conduct, committed under color of state law, Defendants deprived Plaintiff of his right to be secure in his person and property, to due process of law, to be free from unlawful arrest, detention, search and seizure, rights which are secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and guaranteed by 42 U.S.C. § 1983.

29. As a direct and proximate cause of the acts and omissions of all Defendants, Plaintiff has sustained and suffered and continues to suffer severe physical injury, pain and suffering, emotional distress and psychological harm.

30. The actions and conduct of Defendants Howells and Kummerer, who arrested, charged and confined Plaintiff were caused and implemented by the Defendant City's failure to properly train, supervise and/or discipline these police officers and other police officers with respect to the constitutional limitations on their police powers.

31. In adopting the policies and practices which led Defendants Howells and Kummerer to arrest, search, and confine Plaintiff, Defendant City violated rights secured to Plaintiff by the

6

Fourth and Fourteenth Amendments to the United States Constitution and guaranteed by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant for damages in the form of economic damage; emotional distress; mental anguish; pain and suffering; inconvenience; humiliation; loss of the enjoyment of life; reasonable attorney's fees and costs; and all such other relief as this Court deems just, equitable and proper.

## COUNT THREE

## FALSE ARREST - 42 U.S.C. § 1983

32. Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

33. As a direct and proximate result of Defendants' conduct, committed under color of state law, Defendants deprived Plaintiff of his right to be secure in his person and property, to due process of law, to be free from unlawful arrest, detention, search and seizure, rights which are secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and guaranteed by 42 U.S.C. § 1983.

34. As a direct and proximate cause of the acts and omissions of all Defendants, Plaintiff has sustained and suffered and continues to suffer severe physical injury, pain and suffering, emotional distress and psychological harm.

35. The actions and conduct of Defendants Howells and Kummerer, who arrested, charged and confined Plaintiff were caused and implemented by the Defendant City's failure to properly train, supervise and/or discipline these police officers and other police officers with respect to the constitutional limitations on their police powers.

36.     In adopting the policies and practices which led Defendants Howells and Kummerer to arrest, search, and confine Plaintiff, Defendant City violated rights secured to Plaintiff by the Fourth and Fourteenth Amendments to the United States Constitution and guaranteed by 42 U.S.C. § 1983.

WHEREFORE, Plaintiff respectfully requests this Court enter an Order against Defendant for damages in the form of economic damage; emotional distress; mental anguish; pain and suffering; inconvenience; humiliation; loss of the enjoyment of life; reasonable attorney's fees and costs; and all such other relief as this Court deems just, equitable and proper.

## JURY DEMAND

37.     Plaintiff demands a trial by jury of all issues in this action.

MESHKOV & BRESLIN

By: /s/ adm2795
ADAM D. MESHKOV, ESQUIRE
*Attorney for Plaintiff*
Attorney I.D. 94856
742 Main Street
Bethlehem, PA 18018
(T) 610.419.9790 / (F) 610.419.9792

Date: March 30, 2009