IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGEL ALVARADO | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| CITY OF ALLENTOWN, et al. | : | NO. 09-CV-1368 |

ORDER

     AND NOW, this    12th    day of    November   , 2009, IT IS HEREBY ORDERED that the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 6) is GRANTED. Defendants shall answer the remaining Fourth Amendment excessive force claim in count one of the complaint within twenty days. Counts two and three are dismissed.

     In connection with this order, I make the following findings.

     1. Plaintiff, Angel Alvarado, has asserted claims for excessive force, unlawful detention and false arrest under 42 U.S.C. § 1983. This complaint follows an incident that occurred on May 31, 2008. Alvarado and his family and friends were celebrating the 18th birthday of his daughter at the family's apartment. At 11:40 p.m., uniformed police officers responded to a noise complaint and requested that the celebrants turn down the music. The police returned to the apartment at 1:00 a.m., and this time asked that the music be turned off and ordered anyone who did not reside at the apartment to go home. Alvarado's fourteen-year-old niece, Fatima, refused to follow the direction of the officers and was arrested and led from the apartment. The incident continued outside with family members asking the officers not to arrest Fatima.

     2. As the situation deteriorated, Alvardo was struck in the face with a clenched fist by defendant, Officer Howell, causing him to fall to the street and rendering him

unconscious.  Officer Howell, Officer Kummerer, and other unidentified officers then kicked Alvarado about his entire body for approximately five minutes while his family and friends watched.  Alvarado was arrested and charged with simple assault, harassment, resisting arrest, and furnishing alcohol to a minor.

     3.  Alvarado contends that he did not commit any offense for which he could have been lawfully arrested or detained.  Contrary to this assertion, the City of Allentown has provided a copy of the criminal docket from the Court of Common Pleas of Lehigh County which shows Alvarado was charged with aggravated assault, simple assault, resisting arrest, obstruction of the administration of justice, furnishing alcohol to a minor, and harassment.  On September 15, 2008, Alvarado pled guilty to simple assault and obstruction of justice.  *See Def. Mot. to Dismiss*, Exh. B.

     4.  The standard of review for a motion to dismiss is well established.  I must accept as true the facts and allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the non-moving party.  Matters of public record attached to the motion to dismiss may also be considered.  I may dismiss the complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.

     5.  An arrest made without probable cause creates a cause of action for false arrest under 42 U.S.C. § 1983.  *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988).  Although determinations of probable cause are usually within the province of the jury, the court may conclude that "probable cause did exist as a matter of law if the evidence, viewed in the light most favorable to the [p]laintiff, reasonably would not support a contrary factual finding." *Smith*

*v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003).  Probable cause does not require the same type of evidence of each element of the offense as would be necessary to support a conviction – it is significantly lower.  *Wright v. City of Phila.*, 409 F.3d 595, 602 (3d Cir. 2005).

6.  Where a criminal defendant has pled guilty to charges that are the basis of his § 1983 action for false arrest, he has admitted conduct sufficient to convict, and thus, has established probable cause for his arrest.  Alvarado's claim of false arrest in count three must be dismissed.

7.  A required element of an unlawful detention claim is that the arresting officer lacked probable cause to arrest.  *Dowling v. City of Phila.*, 855 F.2d 136, 141 (3d Cir. 1988).  Again, having admitted guilt to two of the criminal offenses charged, Alvarado cannot prove a lack of probable cause for his arrest and resulting detention, and therefore, cannot establish a § 1983 claim for unlawful detention.  Alvarado's claim of unlawful detention in count two must be dismissed.

8.  Finally, I must grant the defendants' motion seeking dismissal of Alvarado's Fourteenth Amendment excessive force claim in count one.  "Since the Supreme Court's opinion in *Graham v. Connor*, 490 U.S. 386, 394-95, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989), excessive force claims against the police are actionable under the Fourth Amendment rather than the substantive component of the Due Process Clause."  *Fagan v. City of Vineyard*, 22 F.3d 1296, 1305 n.5 (3d Cir. 1994).

BY THE COURT:

/s/ J. William Ditter, Jr.
J. WILLIAM DITTER, JR., J.